IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JERRY PARHAM                                                                                          PLAINTIFF

v.                                              Civil No. 6:16-cv-06001-SOH-MEF

VESTAL, LPN CCS                                                                                    DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Jerry Parham, filed this case *pro se* pursuant to 42 U.S.C. § 1983 on December 30, 2105, in the Eastern District of Arkansas. (Doc. 2) The case was properly transferred to this District on January 4, 2016. (Doc. 4) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

Plaintiff is currently incarcerated in the Arkansas Department of Correction ("ADC"), Ouachita River Unit. (Doc. 2, p. 3) Plaintiff alleges Defendant Vestal, an LPN for Correct Care Solutions, denied him his prescribed pain medication on June 23, 2015. Specifically, at 10:30 a.m. she allegedly told Officer Hill to call pill call complete "so they (inmates) will stop coming to the window." Plaintiff was the next inmate in line. As a result, Plaintiff did not receive his post-

surgery pain medication until late that night.  Plaintiff alleges he suffered excruciating neck pain as a result.  (Doc. 2, pp. 6-7)  In support of his claim, Plaintiff attached grievance OR-15-00705 concerning the incident.  The grievance was found to be with merit at the initial level.  An appeal alleging a second denial of pain medication on July 29, 2015, was found to be without merit.

Plaintiff proceeds against Defendant Vestal in both her official and individual capacity. (Doc. 2, p. 5)  Plaintiff seeks monetary damages.  (Doc. 2, p. 7)

## II.  APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.  DISCUSSION

Plaintiff alleged an official capacity claim against the Defendant.  Defendant Vestal is identified in the complaint as an employee of Correct Care Solutions ("CCS").  CCS is a private entity which contracts with correctional facilities to provide medical care.[1]  Here, CCS, by contract, assumed the ADC's constitutional duty to provide adequate medical care.  When a private entity like CCS contracts with a prison to provide medical services to inmates, it performs a

---

[1] http://www.correctcaresolutions.com/our-services (last accessed July 22, 2016).

function traditionally within the exclusive prerogative of the states. It thus becomes the functional equivalent of the municipality and an essential element of its liability is the existence of a custom or policy. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997); *see also Burke v. N.D. Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002) (When a corporation acts under color of state law, the proper test for determining official capacity liability is whether a policy, custom, or action by those whose actions may be said to represent official policy inflicted the constitutional injury).

Plaintiff has not provided any allegations that his delay in receiving pain medication was the result of a custom, policy, or action on the part of CCS. He therefore failed to state a cognizable official capacity claim against Defendant Vestal.

### IV. CONCLUSION

For the foregoing reasons, I recommend that Plaintiff's official capacity claim against Defendant Vestal be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). Plaintiff's individual capacity claim against Defendant Vestal remains for further resolution. Service will be addressed by separate order.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of July, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE