IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JERRY PARHAM                                                                                    PLAINTIFF

v.                                      Civil No. 6:16-CV-06001

BARBARA VESTAL                                                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff proceeds in this matter *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Defendant Barbara Vestal's Motion for Summary Judgment. (ECF No. 25). Plaintiff has filed a Response to the Motion for Summary Judgment. (ECF No. 28).

### I.  BACKGROUND

Plaintiff Jerry Parham filed the instant Complaint in accordance with 42 U.S.C. § 1983 alleging that, while he was incarcerated at the Ouachita River Unit, Defendant Barbara Vestal violated his constitutional rights when she failed and refused to give him one dose of gabapentin during the morning pill call on June 23, 2015. (ECF No. 2, 28).

Plaintiff had a cervical fusion in March 2015. (ECF No. 27, Ex. A, pp. 6, 14). On May 4, 2015, Dr. Vowell began to taper Plaintiff off of tramadol, a narcotic medication which he had been taking for pain. (ECF No. 27, Ex. A, p. 1, 9; Ex. B). On May 5, 2015, Dr. Vowell prescribed gabapentin for Plaintiff to take twice daily. (ECF No. 27, Ex. A, p. 2; Ex. B). Gabapentin is an anti-seizure medication which is also used to relieve nerve pain. (ECF No. 27, Ex. B).

Plaintiff had a checkup with neurology on May 8, 2015. He was recorded to have improved left side strength, but still some weakness. (ECF No. 27, Ex. A, pp. 3-4; Ex. B). On May 14, 2015, Dr. Vowell noted, "x-ray of cervical spine stable position of interbody plate as well as screws." (ECF No. 27, Ex. A, p. 5; Ex. B). On May 20, 2015, a prescription for ibuprofen, 600

1

mg to be taken three times a day, was renewed and set to expire in September. (ECF No. 27, Ex. A, p. 5, Ex. B). Plaintiff received ninety (90) 600 mg tablets of ibuprofen, to keep on-person, on June 5, 2015. (ECF No. 27, Ex. A, pp. 16-17, Ex. B).

On June 23, 2015, Plaintiff only received one dose of gabapentin, administered in the evening. (ECF No. 27, Ex. A, p. 18; Ex. B).

Plaintiff was seen in the clinic the following day, on June 24, 2015, and made no reference to any issue as a result of receiving only one dose of gabapentin on June 23, 2015. (ECF No. 27, Ex. A, p. 10; Ex. B).

Nannette Vowell, M.D., reviewed Plaintiff's medical records and is familiar with his medical care as a treating physician of Plaintiff. (ECF No. 27, Ex. B). According to Dr. Vowell, missing a single dose of gabapentin would not have had a detrimental effect on Plaintiff's cervical spine health. (ECF No. 27, Ex. B). Dr. Vowell further opined that missing a single dose of gabapentin did not cause any lasting damage (ECF No. 27, Ex. B) because gabapentin is a symptomatic medication—not a medication that reverses neuropathic pain. It provides only temporary relief from pain; thus, worsening a disease process is not possible by missing a dose of this medication. (ECF No. 27, Ex. B).

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a

genuine issue of material fact exists." *National Bank of Commerce v. Dow Chemical Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *National Bank*, 165 F.3d at 607 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id.* (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to prisoners' serious medical needs. *Luckert v. Dodge County*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that the Defendant acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen,* 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show that he suffered from an objectively serious medical need Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v.*

3

*VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted).

For the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Correctional Med. Servs,* 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted). "[A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind." *Estelle*, 429 U.S. at 105–06 (internal quotations omitted). Further, missing two of three prescribed doses of medication for a single day does not establish "indifference to a serious medical need, much less deliberate indifference." *Champion v. Kelley*, 495 F. App'x 769 (8th Cir. 2012); compare *King. v. Busby*, 162 F. App'x 669 (8th Cir. 2006) (failure to distribute prescribed blood-pressure and pain medication at least 26 times over an approximate seven-month period, and without further explanation, raised the inference that the failure to provide medication was more than an inadvertent failure to provide adequate medical care).

In this case, Plaintiff's allegation is simply that Defendant failed to disperse his morning dose of gabapentin on June 23, 2015. Plaintiff's morning dose was one of two daily doses of gabapentin prescribed to him on that day. There are no facts to support a reason as to why Plaintiff was not given the single dose, but the facts do show that Plaintiff had access to 600mg tablets of prescription ibuprofen at the time. Plaintiff's allegation, at most, alleges a claim for negligent misconduct and does not state a plausible claim for denial of medical care.

Further, when an inmate claims that a delay in treatment rises to the level of an Eighth Amendment violation, "the objective seriousness of the deprivation should also be measured 'by

4

reference to the *effect* of delay in treatment.'" *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995) (quoting *Hill v. DeKalb Regional Youth Detention Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). "To establish this effect, the inmate 'must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment.'" *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (quoting *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)).

Plaintiff has offered no evidence establishing that the delay in treatment had a detrimental effect and has thus failed to raise a genuine issue of fact on an essential element of his claim. Although Plaintiff asserts that he "did go through a lot of pain and discomfort," he admits that the missed dosage "may not have caused long term damage." (ECF Doc. 28). Further, as set forth above, Dr. Vowell has opined that a single missed dose of gabapentin would not have had a detrimental effect on Plaintiff's cervical spine health. (ECF Doc. 27, Ex. B).

For these reasons, the Court finds that the Motion for Summary Judgment (ECF No. 25) should be and hereby is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE. Judgment will be entered accordingly.

**IT IS SO ORDERED**, this 18th day of December, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge